UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MELISSA B.,     Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner,<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 25-cv-681-JJM-AEM |

## ORDER

Plaintiff Melissa B. brings this action pursuant to 42 U.S.C. § 405(g), seeking to reverse the decision of the Commissioner of the Social Security Administration ("the Commissioner"), in which he denied Melissa's claim for Disability Insurance Benefits ("DIB"). ECF No. 8. In response, the Commissioner moves this Court to enter an order affirming his decision. ECF No. 9. After a thorough review of the record, and for the reasons stated below, the Court DENIES Melissa's Motion to Reverse and GRANTS the Commissioner's Motion to Affirm.

## I.    BACKGROUND

Melissa was forty years old at her onset date of December 28, 2020. She has a high school education and has worked in the past as a medical assistant, mail carrier, and bus driver. She applied for DIB in March 2023 due to her plantar fibroma, arthritis, degenerative disc disease, and three herniated lumbar discs. Her claim was initially denied, and again, upon reconsideration. Melissa requested a hearing with an Administrative Law Judge ("ALJ"); after the hearing, the ALJ issued a decision

denying her benefits. The Appeals Council denied Melissa's request to review the ALJ's unfavorable decision, making the ALJ's decision the final decision of the Commissioner. Melissa then filed this lawsuit.

## II.   STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Court "must uphold the Secretary's findings ... if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [their] conclusion." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222-23 (1st Cir. 1981) (citing *Consol. Edison Co.*, 305 U.S. at 229). If substantial evidence supports the Commissioner's decision, the Court should affirm it, "even if the record arguably could justify a different conclusion ...." *Rodriguez Pagan v. Sec'y of Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (citing *Lizotte v. Sec'y of Health & Hum. Servs.*, 654 F.2d 127, 128 (1st Cir. 1981)). That said, the ALJ's findings are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

2

As a final note, "[t]he First Circuit has stated that courts should ensure 'a just outcome' in Social Security disability claims." *Santa v. Astrue*, 924 F. Supp. 2d 386, 391-92 (D.R.I. 2013) (quoting *Pelletier v. Sec'y of Health, Educ. & Welfare*, 525 F.2d 158, 161 (1st Cir. 1975)). "[T]he Social Security Act is to be construed liberally to effectuate its general purpose of easing the insecurity of life." *Rodriguez v. Celebrezze*, 349 F.2d 494, 496 (1st Cir. 1965) (citing *Page v. Celebrezze*, 311 F.2d 757 (5th Cir. 1963)).

## III.   APPLICABLE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 416.905.  The impairment must be severe, making the claimant unable to do previous work, or any other substantial gainful activity in the national economy.  42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. §§ 416.905-11.

In evaluating an initial disability claim, the ALJ must follow a five-step process. *See* 20 C.F.R. §§ 416.920(a)(4)(i)-(v).[1]  The claimant bears the burden of proof

---

[1] First, if a claimant is working at a substantial gainful activity, she is not disabled.  Second, if a claimant does not have any impairment or combination of impairments, which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) prevent her from doing other work in the national economy, then she is disabled.

at Steps One through Four, but the Commissioner bears the burden at Step Five. *Sacilowski v. Saul*, 959 F.3d 431, 434 (1st Cir. 2020). At Step Five here, the ALJ determined that Melissa did not have an impairment or combination of impairments that meets or medically equals the severity one of the listed impairments and then determined that she had the residual functional capacity ("RFC") to perform light work with certain exceptions. The ALJ concluded that she was not disabled because, based on her age, education, work experience, RFC, and the testimony of a vocational expert, she could work jobs such as an office helper, small parts assembler, and hand packer and those jobs exist in significant numbers in the national economy.

## IV.    DISCUSSION

Here, Melissa presents one claim of error. She argues that the ALJ erred when he determined at Step Five that she was not disabled and issued a decision that was not based on substantial evidence. Specifically, she argues that the vocational expert's ("VE") testimony about job numbers available in the national economy was based on their experience, not on substantial evidence in the record. The Commissioner argues that the ALJ's decision should be affirmed not only on substance but also because he asserts that Melissa failed to timely challenge the VE's testimony before this action.

### A.    Waiver

The Commissioner argues that Melissa forfeited her argument about the source and methodology of the VE's job numbers because she had the opportunity to

question them at the hearing and failed to do so. Melissa argues that her attorney did ask the question initially so preserved her argument on this issue.

The ALJ found that Melissa was not disabled because there were a significant number of jobs she could perform in the national economy given her background and RFC. At the hearing, the VE testified that a person with Melissa's RFC could perform three jobs – office helper, small parts assembler, and hand packer – and noted that there were 90,000 of these jobs nationally. The VE then reduced those numbers to account for Melissa's RFC limitations on standing/walking. Melissa's counsel questioned the VE's sources for the job numbers and the reductions due to the RFC and she testified that they were based not only on data from the U.S. Department of Labor and the Bureau of Labor Statistics but also on her experience. There were no further questions about the sources, or the veracity or accuracy of those numbers.

Melissa now argues that the ALJ erred at Step Five because he failed to question the accuracy and reliability of the VE's methodology in coming up with the job numbers during the hearing. But the hearing transcript shows that Melissa's counsel did not further probe the VE's sources or basis for the reductions. "Case law in this District is clear that a plaintiff must first raise such an objection at the administrative level to develop an appropriate record and then they may pursue such a claim before the District Court." *Craig H. v. Bisignano*, C.A. No. 24-00490-AEM, 2025 WL 2926872, at *3 (D.R.I. Oct. 15, 2025) (citing *Redley W. v. Kijakazi*, C.A. No. 23-072-WES, 2023 WL 6057447, at *8 (D.R.I. Sept. 18, 2023); *Isaiah M. v. Kijakazi*, C.A. No. 23-150-MSM, 2023 WL 6229637, at *8 (D.R.I. Sept. 26, 2023)).

5

Failing to raise an issue before the ALJ results in waiver. *See Jose M. v. O'Malley*, C.A. No. 23-319MSM, 2024 WL 3886749, at *5 (D.R.I. Aug. 20, 2024), *report & recommendation adopted*, C.A. No. 23-cv-319-MSM-PAS, 2024 WL 4063770 (D.R.I. Sept. 5, 2024) ("Plaintiff's argument fails because the ALJ afforded him an opportunity to question the VE, which his attorney waived. Based on settled law in this Court, the Court rejects this argument based on waiver and affirm the ALJ's Step Five conclusion that work that Plaintiff can perform exists in sufficient numbers in the national economy to support the conclusion of no disability."); *Catherine Y. v. Colvin*, No. 16-004S, 2017 WL 979026, at *8 (D.R.I. Jan. 25, 2017).  Because Melissa's counsel opted not to further question the VE about the sources and bases for the job numbers, the argument is waived.   Choosing to focus on substance over form, however, the Court will address the merits.

### B.    VE's Finding

Melissa's main argument is that the ALJ's Step Five decision was not based on substantial evidence because the VE's testimony about job numbers on which the ALJ relied was based on his experience.

Other courts have allowed an ALJ to consider and rely on a VE's testimony where he estimates job numbers and relies on his professional experience with RFC determinations and available jobs in the national economy. *See Gonzales v. Berryhill*, C.A. No. 4:16-cv-40134-TSH, 2018 WL 1940311, at *17 (D. Mass. Feb 2, 2018) (collecting cases), *adopted sub nom. Gonzalez v. Colvin*, No. 4:16-CV-40134, 2018 WL 1957158 (D. Mass. Mar. 1, 2018).  And "Social Security regulations permit a VE to

rely on his or her experience in job placement or career counseling when testifying about occupational information that the DOT does not contain." *Id.* (citing SSR 00-4p, 2000 WL 1898704, at *2).

Melissa argues that the Court should remand her case based on the holding in *Gross v. Colvin*, where the court held that "the lack of clarity as to the methodology" the VE used to account for the claimant's reduced exertional capacity in the job market numbers was grounds for remand. 213 F. Supp. 3d 229, 235 (D. Mass. 2016). The facts of this case do not merit the same outcome. Here, the VE has more than forty years of experience, including experience placing individuals in jobs, conducting job market surveys, and testifying before government agencies. ECF No. 5 at 326-27. Melissa did not object to the VE's qualifications during the hearing and she does not now. She does not believe that experience should be a basis for his opinion but that is not supported by the case law or regulations. As a result, the Court finds that substantial evidence existed in the record as to the VE's job numbers and the ALJ's decision relying on them stands.

## V.    CONCLUSION

For these reasons, the Court DENIES Melissa's Motion to Reverse (ECF No. 8) and GRANTS the Commissioner's Motion to Affirm (ECF No. 9).

IT IS SO ORDERED.


*/s/John J. McConnell, Jr.*

_____

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

July 10, 2026